# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| TOM GLEASON and JULIE GLEASON | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-00163 |
| | § | Judge Mazzant |
| MARKEL AMERICAN INSURANCE | § | |
| COMPANY | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiffs' Motion for Partial Reconsideration, or in the Alternative, Motion to Alter or Amend the Final Judgment (Dkt. #44). After considering the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiffs Tom Gleason and Julie Gleason ("the Gleasons") owned interests in a few closely held companies. Through these companies, the Gleasons indirectly owned Oregon Ice Cream, LLC ("the Company") and entered an agreement to sell their interest to OIC Holdings, LLC ("OIC") on October 1, 2014. OIC alleged that the Gleasons made false representations during the negotiations and in the Equity Interest Purchase Agreement (the "Purchase Agreement"). Based on this transaction, OIC brought suit against the Gleasons in the 336th Judicial District Court of Collin County, Texas ("OIC Suit"). OIC filed its First Amended Petition and Request for Disclosure on June 8, 2016 ("the underlying Petition" or "the Petition").

Defendant Markel American Insurance Company issued a For Profit Management Liability Policy No. ML-815039 (the "Policy") to the Company.[1] The Policy was effective for claims made

---

[1] Tom and Julie Gleason were officers of the Company.

between August 31, 2014, and October 2, 2020, for "Wrongful Acts" that occurred before October

2, 2014.  The relevant portion of the policy for the present motion is are as follows:

**Section IV – EXCLUSIONS**

The Insurer shall not be liable under this Coverage Part to pay any **Loss** on account of, and shall not be obligated to defend, any **Claim** made against any **Insured**:

. . .

**K.** based upon, arising out of or in any way involving (**i**) the actual, alleged or attempted purchase or sale, or offer or solicitation of an offer to purchase or sell, any debt or equity securities, or (**ii**) the actual or alleged violation of any federal, state, local or common or foreign law relating to debt or equity securities; provided this exclusion shall not apply to any **Claim**:

   **1.** based upon, arising out of or in any way involving the purchase or sale, or offer or solicitation of an offer to purchase or sell, any debt or equity securities in a private[ ]placement transaction exempt from registration under the Securities Act of 1933, as amended.

(Dkt. #20, Exhibit A at pp. 26–29).

On January 22, 2016, the Gleasons submitted their claim under the Policy to Defendant.

On March 15, 2016, Defendant acknowledged the Gleasons as Insured Persons under the Policy,

but denied coverage asserting that there was no "Wrongful Act" by the Company because the

allegations contained in the OIC Suit did not assert the Gleasons were acting as officers or directors

("insured capacity") and that even if there were a "Wrongful Act," Exclusion K precluded

coverage.

On February 3, 2017, the Gleasons filed the present suit in the 366th Judicial District Court

of Collin County, Texas, alleging a breach of contract and extra-contractual claims based on

Defendant's denial of coverage.  On March 6, 2017, Defendant filed its Notice of Removal

(Dkt. #1).  On September 15, 2017, Defendant filed its motion for summary judgment (Dkt. #20).

Further, on September 18, 2017, the Gleasons filed their motion for partial summary judgment

(Dkt. #22). On January 24, 2018, the Court issued its Memorandum Opinion and Order ("the Court's Order") granting Defendant's motion for summary judgment, denying Plaintiffs' partial motion, and dismissing the Plaintiffs' claims with prejudice (Dkt. #42) and the corresponding final judgment (Dkt. #43).

On February 21, 2018, Plaintiffs filed the present motion to reconsider the Court's Order (Dkt. #44). On March 8, 2018, Defendant filed its response to the motion for reconsideration (Dkt. #45). Plaintiffs filed their reply on March 13, 2018 (Dkt. #46).

## LEGAL STANDARD

A motion seeking reconsideration may be construed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances. "The Fifth Circuit recently explained that 'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'" *Dolores Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Further, "'[i]nterlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires [pursuant to Rule 54(b)]." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)) (citing *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 585, 862 (5th Cir. 1970)).

A motion seeking reconsideration of a final judgment that is filed within 28 days of the judgment is considered under Rule 59(e). *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *Milazzo v. Young*, No. 6:11-CV-350-JKG, 2012 WL 1867099, at *1 (E.D. Tex.

May 21, 2012). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Here, Plaintiffs filed their Motion for Reconsideration within 28 days and accordingly the Court analyzes the motion under Rule 59(e).

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo*, 2012 WL 1867099, at *1 (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479).

## ANALYSIS

In the Court's Order, the Court found Defendant did not have a duty to defend the Gleasons in the OIC Suit because the transaction was excluded from coverage pursuant to Exclusion K. The Court further found that the transaction that was the basis of the OIC Suit did not fall into the exception of Exclusion K as a private placement transaction exempted from registration under the Securities Act of 1933, as amended. The Court reasoned that the Gleason's claimed exemptions from registration under the Securities Act of 1933, as amended—Section 4(a)(2) of the Securities Act of 1933 and Rule 506 of Regulation D to the Securities Act of 1933—required the Gleasons to be "issuers" and that, in this instance, "the Gleasons [were] not issuers because no was security issued in this transaction." (Dkt. #42 at p. 12).

Plaintiffs ask the Court to reconsider the holding that this transaction does not fit into the exception to Exclusion K because the Court did not analyze its third claimed exemption—Section 4(a)(1) of the Securities Act of 1933. Plaintiffs maintain that, even if they are not issuers, they are exempt from registration under Section 4(a)(1), which states "transactions by any person other than an issuer, underwriter, or dealer" are exempt transactions. 15 U.S.C. 77d(a)(1). Plaintiffs assert that this argument is detailed in their response to Defendants' motion for summary judgment paragraphs fifty-one through fifty-seven and the Court failed to address it.

Paragraphs fifty-one through fifty-six engage in a discussion of the term "private placement," its ordinary meaning, and the possibility that the term did not require the Gleasons to be "issuers." Paragraph fifty-seven reads as follows

> Having confirmed that the sale of the membership interest was a "private placement," the exemption to Exclusion K requires only that the transaction "be exempt from registration under the Securities Act of 1993, as amended." 15 U.S.C. § 77d – Exempted Transactions, provides the exemptions to registration under the Securities Act of 1993, as amended. The first exemption [to registration under the Securities Act of 1933, as amended] is to any "transactions by any person other than an issuer, underwriter, or dealer." [Defendant] has taken the position that the Gleasons are not issuers. And a review of the definitions of "underwriter" and "broker" reveals that the Gleasons were neither of those in the transaction at issue. Accordingly, the transaction at issue was exempt for registration under the Securities Act of 1993, as amended." [sic]

(Dkt. #26 at p. 21).

The Court found that any argument that the definition of private placement did not require the Gleasons to be "issuers" was belied by the Gleasons reliance on Section 4(a)(2) and Rule 506, which required the Gleasons to be "issuers" (Dkt. #42 at p. 12). However, because of the lack of argument and support offered by Plaintiffs, the Court did not include Section 4(a)(1) in its analysis. As demonstrated above, Plaintiffs never explicitly cited 15 U.S.C. § 77d(a)(1) as the provision it relied upon, never referenced this as Section 4(a)(1), never cited any case law, and did not provide

a definition of "underwriter" or "dealer". The only argument that the Gleasons were not "underwriter[s]" was made in a conclusory fashion and they presented no argument, even in a conclusory fashion, that Plaintiffs were not "dealer[s]". This is in stark contrast to their motion for reconsideration, which now contains a definition of "underwriter", a definition of "dealer", and provides case and statute citations to support these arguments (*See* Dkt. #44 at pp. 7–8).

Plaintiffs' argument under Section 4(a)(1) in their response was not enough for Plaintiffs to meet their summary judgment burden or even enough to be considered a fully briefed argument that would be proper for the Court to include in its analysis. *See United States v. Volksen*, 766 F.2d 190, 193 (5th Cir. 1985); *Ragland v. Dallas Cty. Cmty. Coll. Dist.*, No. 3:16-CV-722-L, 2017 WL 1196863, at *5 (N.D. Tex. Mar. 31, 2017); *Kostic v. Tex. A & M Univ. at Commerce*, 11 F. Supp. 3d 699, 735 (N.D. Tex. 2014) (citing *Petrie v. City of Grapevine*, 904 F. Supp. 2d 569, 585 (N.D. Tex. 2012)). While the only evidence Plaintiffs might need is the "eight corners", as contended by Plaintiffs, the Court is not required to scour the "eight corners", case law, and statutes to make and develop Plaintiffs' arguments for them. As such this is an argument that was not offered to the Court prior to judgment but "could have been offered or raised before the entry of judgment," and is not appropriate to raise in a Rule 59(e) motion for reconsideration. *Templet*, 367 F.3d at 479 (citing *Simon*, 891 F.2d at 1159).

If anything, the Court could construe this motion as a supplemental motion for summary judgment, presenting a new argument for the Court's consideration. However, the motion was filed on February 21, 2018, and all dispositive motions were due to be filed by August 31, 2017 (Dkt. #12). Therefore, if this were to be construed as a motion for summary judgment, it was filed late pursuant to the Court's scheduling order and without seeking leave of Court. Thus, even

construed as a supplemental motion for summary judgment, the Court finds it should be denied as it is untimely and inappropriate at this late stage.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Partial Reconsideration, or in the Alternative, Motion to Alter or Amend the Final Judgment (Dkt. #44) is hereby **DENIED**.

**SIGNED this 10th day of August, 2018.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE